**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, <br><br>  Plaintiff, <br><br>  v. <br><br> SMARTLABS, INC. D/B/A INSTEON, <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 2:15-CV-1573-JRG-RSP |

**DEFENDANT SMARTLABS, INC. D/B/A INSTEON'S
MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF ROTHSCHILD
CONNECTED DEVICES INNOVATIONS, LLC FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...........................................................................................................................1

II. BACKGROUND............................................................................................................................2

III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...........................................3

IV. LEGAL STANDARD ..................................................................................................................3

V. ARGUMENT .................................................................................................................................4

    A.    The Complaint Lacks Allegations Sufficient to Support A Plausible Claim of Direct Infringement. ........................................................................................................4

    B.    The Complaint Lacks Allegations Regarding the Requisite Knowledge and Specific Intent to Induce Infringement of the '090 Patent......................................6

    C.    The Complaint Lacks Allegations Establishing the Predicates for a Contributory Infringement Claim. ...........................................................................9

    D.    Alternatively, Rothschild Should Be Required To Provide a More Definite Statement of its Infringement Claims. ..................................................................10

VI. CONCLUSION............................................................................................................................11

## TABLE OF AUTHORITIES

Page No(s).

*Achates Reference Pub., Inc. v. Symantec Corp.*,
 No. 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) .............................. 6

*Aguirre v. Powerchute Sports, LLC*,
 No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207 (W.D. Tex. Aug. 4,
 2011) ........................................................................................................................................ 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................ *passim*

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
 No. C 11-04049, 2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) ............................ 7

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................................................ 3, 4, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 4,-7

*Commil USA, LLC v. Cisco Sys., Inc.*,
 135 S. Ct. 1920 (2015) ......................................................................................................... 6, 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
 No. 6:14-cv-751-JDL, D.I. 60 at p. 7 (E.D. Tex. June 3, 2015) .............................................. 8

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006) ............................................................................................... 6

*Fujitsu Ltd. v. Netgear, Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010) ............................................................................................ 4, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 131 S. Ct. 2060 (2011) ............................................................................................................ 6

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
 714 F.3d 1277 (Fed. Cir. 2013) ............................................................................................... 2

*Swierkiewicz v. Sorema NA.*,
 534 U.S. 506 (2002) .............................................................................................................. 10

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
 785 F.3d 625 (Fed. Cir. 2015) ................................................................................................. 7

# TABLE OF AUTHORITIES
### *(cont'd.)*

**Page No(s).**

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
  No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270 (E.D. Tex. March 6, 2013) ........................... 7

*Xpoint Techs., Inc. v. Microsoft Corp.*,
  730 F.Supp.2d 349 (D. Del. 2010) ............................................................................................ 7

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 ............................................................................................................................. 9

Fed. R. Civ. P. 12 ............................................................................................................... 1, 9, 10

Fed. R. Civ. P. 84 ........................................................................................................................... 3

Fed. R. Civ. P., Appendix B-19 ..................................................................................................... 3

Defendant Smartlabs, Inc. d/b/a Insteon ("Insteon") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of Plaintiff Rothschild Connected Devices Innovations, LLC ("Rothschild") because the complaint fails to allege facts sufficient to support causes of action for direct and indirect infringement of the asserted patent, U.S. Patent No. 8,788,090 ("the '090 patent").

## I. INTRODUCTION

Rothschild has failed to plead factual alleges sufficient to render plausible Rothschild's conclusory and vague allegation that Insteon's home automation system infringes the '090 patent "either directly or through acts of contributory infringement or inducement . . ." (Compl., D.I. 1, at ¶ 13.) Specifically, Claims 1-8 of the '090 patent all require a remote database. Yet, Rothschild has not alleged any facts indicating that the Insteon home automation system includes a remote database. The remaining claims all require a beverage dispenser or a product consumed by a user such as a food or beverage. Insteon's home automation system is not a beverage dispenser or a consumable product, and thus, cannot be covered by any of the remaining claims.

Moreover, although Rothschild asserts that Insteon has indirectly infringed the patent "through acts of contributory infringement or inducement," Rothschild failed to make even a threadbare recitation of the elements required for contributory infringement and inducement. Specifically, the complaint fails to allege that Insteon had knowledge of the asserted patent, which is required for both contributory infringement and inducement. Further, the complaint fails to allege the element of specific intent to infringe required for inducement, and fails to allege the elements of materiality and of no substantial non-infringing uses required for claims of contributory infringement.

Because Rothschild's complaint fails to plead facts sufficient to plausibly allege direct infringement and fails to even make a threadbare recitation of the elements of contributory infringement and inducement, Rothschild's complaint should be dismissed in its entirety.

## II.  BACKGROUND

The '090 patent describes a system for making customized consumer products, such as shampoos or beverages, using a remote database that stores product preferences for many users. A user can specify the product and the user's identity, and then the system communicates with the remote database and customizes the product according to the user's preferences (for example by mixing the right proportions of ingredients). *See* Compl. Ex. A at Col. 2-3.  In one embodiment, the '090 patent describes a beverage dispenser that mixes and dispenses beverages according to a user's preferences stored in a remote database. (*see e.g.*, Compl., Ex. A at Figs. 4 and 5, Col. 6, lines 7-26.)  Claims 1-8 of the '090 patent all require a remote database that stores preferences for different users.  All the remaining claims require a beverage dispenser or a product that is consumed.

Rothschild alleges that Insteon infringes at least Claim 1 of the '090 patent "by making, using, importing, selling, and/or offering for sale a customizable personal home automation system and devices covered by one or more claims of the '090 patent." (*Id.* at ¶ 13.)  Insteon's home automation system includes a hub that controls lights, switches, thermostats, audio equipment, and other electronic devices in a home. (*See* Comp. ¶ 14.)  Rothschild alleges that "[t]he user can customize the state and/or operation of these components through the use of preferences controlled via a device, such as a smart phone." (*Id.*)  Rothschild does not allege that Insteon's system includes a remote database or that the Insteon system stores a user's preferences anywhere other than the hub or the user's smart phone.

### III.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Rothschild's complaint, which alleges direct and indirect infringement of the '090 patent, should be dismissed.

### IV.  LEGAL STANDARD

Until recently, plaintiffs pleading direct infringement of a patent only needed to comply with Form 18 in order to avoid a motion to dismiss.  *See, e.g.*, *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013) (("And, as we made clear in *R+L Carriers*, to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control") (citations omitted).  But courts had expressed misgivings about this type of pleading.  The court in *K-Tech* even commented, "Any criticism we may have regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent."  *Id.* at 1283 (citations omitted).

In September 2014, the Judicial Conference of the United States decided to eliminate the form complaint appendix from the Federal Rules of Civil Procedure, including the Form 18 pleading for patent infringement, as well as Rule 84, which enabled a plaintiff to rely on this form complaint.  *See* Memo from Judge Jeffrey Sutton, Proposed Amendments to the Federal Rules of Civil Procedure, Appendix B-19 (stating that these forms "illustrate a simplicity of pleading that has not been used in many years").  The Supreme Court approved these changes, stating that the new rules "shall govern in all proceedings in civil cases thereafter commenced and, ***insofar as just and practicable, all proceedings then pending***."  *See* Letter from Justice John Roberts to Mr. Speaker John Boehner regarding Proposed Amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015) (emphasis added).  The changes officially went into effect on December 1, 2015.

The limited pleading requirements of now-eliminated Form 18 stand in sharp contrast to the more stringent pleading requirements set forth by the Supreme Court in *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678 (2009); *Twombly*, 550 U.S. at 570 (2007). Now that the *Iqbal* and *Twombly* pleading standard applies to claims for patent infringement, a complaint for patent infringement must contain sufficient factual allegations to render the claim "plausible on its face." *See, e.g., Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. This standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663.

For indirect infringement, whether contributory or induced, the Court must review the facts pled in the complaint with reference to the elements of the cause of action to determine if the claims are plausible. *In re Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323, 1337 (Fed. Cir. 2012). Induced infringement requires that the alleged infringer (1) knowingly induced infringement, and (2) specifically intended to encourage infringement. *Id.* at 1339. In order to establish contributory infringement, the patent owner must show: "(1) that there is direct infringement, (2) that the accused infringer had knowledge of the patent, (3) that the component has no substantial non-infringing uses, and (4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### V.  ARGUMENT

A. **The Complaint Lacks Allegations Sufficient to Support A Plausible Claim of Direct Infringement.**

Although this action was filed before December 1, 2015, when the new rules took effect, it is "just and practicable" that the new pleading rules govern this case since the complaint was

not served until December 7, 2015 – after the new rules took effect. *See* Letter from Justice John Roberts to Mr. Speaker John Boehner (Apr. 29, 2015) (the new rules are to be applied to cases filed before that December 1, 2015 where it is "just and practicable"). Thus, to survive this motion to dismiss, Rothchild's complaint "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *In re Bill of Lading*, 681 F.3d at 1331 (citing *Twombly*, 550 U.S. at 570 (2007)). To meet this plausibility standard, Rothschild must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rothschild has failed to do so.

Rothschild alleges that Insteon "has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable personal home automation system and devices covered by one or more claims of the '090 patent." (Compl. at ¶ 13.) Claim 1 of the '090 patent requires:

> A system for customizing a product according to a user's preferences comprising:
> *a remote server including a database* configured to store a product preference of a predetermined product for at least one user; and
> a first communication module within the product and in communication with the *remote server*;
> wherein *the remote server* is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from *the database* based on the identity of the predetermined product and the identity of the at least one user and transmit the product preference to the first communication module.

(Compl., Ex. A at Claim 1 (emphasis added).) Thus, a number of limitations in claim 1 require a remote server and a database. Only Claim 1 and its dependent claims can be at issue here because the remaining claims require "a product to be consumed by a user" or "a beverage dispenser." (*Id.* at Claims 9, 13.) It is clear that Insteon's home automation system is not consumed and is not a beverage dispenser.

-5-

Rothschild's complaint fails to allege any facts that indicate that the Insteon home automation system includes a remote server or a database as required by Claim 1 of the '090 patent.  Rothschild alleges that Insteon's home automation system includes "the Insteon Hub and Insteon Hub Pro, networking equipment, apps, plug-in devices, lights, remotes, switches and keypads, sensors, outlets, thermostats, cameras, audio equipment, and lighting control systems, and similar systems and devices, . . ." (Compl. at ¶ 14.)  None of these items is a remote server or a database.  Rothschild further alleges that a user can customize the state and/or operation of these components through the use of preferences controlled via a device, such as a smart phone.  (*Id.*)  However, the '090 patent does not cover every product that is customizable – rather Claims 1-8 require a remote database that stores user preferences for that customization.  Rothschild's allegations do not support a "reasonable inference" that Insteon's system includes a remote database as required for Insteon to be liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678.  Accordingly, Rothschild's direct infringement claims should be dismissed as Rothschild fails to adequately plead a factual basis for direct infringement.

B.  **The Complaint Lacks Allegations Regarding the Requisite Knowledge and Specific Intent to Induce Infringement of the '090 Patent.**

Even if Rothschild had adequately plead direct infringement, which it did not, Rothschild's induced infringement claims fail for the independent reason that Rothschild failed to plead the knowledge and specific intent required for inducement.  For a claim of induced infringement to survive a motion to dismiss, the party's complaint must include facts that show: (1) direct infringement by another; and (2) that the defendant specifically intended its customers to infringe the patent and knew that the customer's acts constituted infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's

-6-

infringement.") (internal quotations omitted); *see also Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013), *report and recommendation adopted*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (*citing In re Bill of Lading*, 681 F.3d at 1339). In this regard, the Supreme Court recently made it expressly clear that a claim for induced infringement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). As the Supreme Court emphasized, a claim of induced infringement "requires proof the defendant knew the acts were infringing. And the Court's opinion [in *Global Tech*] was clear in rejecting any lesser mental state as the standard." *Commil*, 135 S. Ct. at 1928.

Yet Rothchild's complaint contains no factual allegations that even hint at the requisite knowledge and specific intent by Insteon to induce infringement. Rothschild's complaint fails to allege that Insteon had any pre-suit knowledge of the '090 patent. Moreover, post-suit knowledge of a plaintiff's infringement allegations does not, by itself, establish knowledge of infringement sufficient to support a claim for indirect infringement. *See, e.g., Xpoint Techs., Inc. v. Microsoft Corp.,* 730 F.Supp.2d 349 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *see also Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049, 2012 U.S. Dist. LEXIS 51650, at *16-17 (N.D. Cal. Mar. 22, 2012) (dismissing claims for failing to "allege[] any facts to suggest that [alleged infringer] had knowledge of the [asserted patent] prior to the filing of the Complaint"); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207, at *14-17 (W.D. Tex. Aug. 4, 2011) (same).

Rothschild also fails to allege specific intent to induce a third party to infringe the '090 patent.  *See In re Bill of Lading*, 681 F.3d at 1339.  Thus, its claim is insufficient as a matter of law.  In fact, Rothschild does not even make a basic or boilerplate allegation of specific intent (which would similarly fail to satisfy the pleading requirements).  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (internal citations omitted).

Rothschild fails to make: (1) any allegation that Insteon knew that third parties were infringing the patents, much less factual allegations that would support such a conclusion; (2) any factual allegation or assertion that Insteon acted with the requisite specific intent; and (3) any factual allegation or assertion that Insteon even knew of the patents before Rothschild filed the complaint.  Thus, Rothschild has failed to plead the elements of induced infringement.  *See Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630 (Fed. Cir. 2015) (providing "a lawful product by lawful means, [even] with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement.") (internal quotation marks omitted); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. March 6, 2013) (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-751-JDL, D.I. 60 at p. 7 (E.D. Tex. June 3, 2015) (recommending granting Apple's motion to dismiss induced infringement because "generic allegations that an alleged infringer provides instructional

materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim").

Because Rothschild's complaint fails to even recite the required elements for a claim of induced infringement, much less adequately plead a factual basis for the requisite knowledge and specific intent to induce infringement, Rothschild's induced infringement claims should be dismissed.

C. **The Complaint Lacks Allegations Establishing the Predicates for a Contributory Infringement Claim.**

Similarly, in addition to failing to plead direct infringement, Rothschild failed to plead the knowledge and intent required for contributory infringement. Contributory infringement requires: (1) direct infringement by someone; (2) that the accused contributory infringer have knowledge of the patents; (3) that a component provided by the accused contributory infringer have no substantial non-infringing uses; and (4) that the component be a material part of the invention. *See Fujitsu*, 620 F.3d at 1326 (Fed. Cir. 2010). The accused contributory infringer must also "know that the combination for which his component was especially designed was both patented and infringing." *Global- Tech.*, 131 S. Ct. at 2067 (internal quotation marks omitted); *see also Commil*, 135 S. Ct. at 1926 ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Here, Rothschild's claims should be dismissed because the complaint lacks allegations supporting a claim for contributory infringement. Indeed, Rothschild does not even make a bare allegation that Insteon had the requisite knowledge, let along any fact to support such a claim had it been made.

Rothschild did not even attempt to make a threadbare recitation of the required elements of contributory infringement that (1) a component provided by the accused contributory infringer have no substantial non-infringing uses, and (2) the component is a material part of the

invention. *See Iqbal,* 556 U.S. at 678. Such a cavalier approach to pleading should not be accepted because it cannot satisfy Fed. R. Civ. P. 8 and the standards of *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For this reason alone, Rothschild's allegations of contributory infringement should be dismissed.

Moreover, Rothschild does not provide any factual information to support its claim, much less identify any component that is a material part of the invention. Rothschild makes the conclusory statement that the accused "systems and devices allow a user to remotely customize the operation of components in a house, such as lights or thermostats, for example. The user can customize the state and/or operation of these components through the use of preferences controlled via a device, such as a smart phone." (Compl. at ¶ 14.) But Rothschild does not allege that this component is material or infringing, much less provide substantive information regarding how this alleged feature infringes the '090 patent. (*Id*.) In this regard, Rothschild's allegations lack factual assertions that would push its contributory infringement claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570 (internal quotation marks omitted)). Thus, Rothschild's claims of contributory infringement should accordingly be dismissed.

**D.** **Alternatively, Rothschild Should Be Required To Provide a More Definite Statement of its Infringement Claims.**

In the event the Court determines that Rothschild's complaint should not be dismissed, Insteon requests, pursuant to Fed. R. Civ. P. 12(e), that Rothschild provide a more definite statement of its infringement allegations. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002).

Here, for all of the reasons detailed above, Rothschild's allegations fail to plausibly plead direct and indirect infringement. The allegations are also so vague and conclusory as to frustrate Insteon's efforts to prepare a responsive pleading and a meaningful defense. Accordingly, Rothschild should, at a minimum, be ordered to provide a more definite statement of its direct and indirect infringement claims.

## VI. CONCLUSION

For the foregoing reasons, the Court should dismiss Rothschild's claims for direct and indirect infringement of the '090 patent pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, the Court should require Rothschild to provide more definitive statements as to those allegations.

Dated: December 28, 2015

Respectfully submitted,

*/s/ Michael K. Friedland*
*(with permission by Jennifer P Ainsworth)*
Michael K. Friedland
Lauren Keller Katzenellenbogen
Callie J. Sand
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

ATTORNEYS FOR DEFENDANT
SMARTLABS, INC. D/B/A INSTEON

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 28th day of December, 2015.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth