IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL TEXAS

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | Case No: 2:15-cv-1573-JRG-RSP |
| vs. | § § | **PATENT CASE** |
| SMARTLABS, INC. D/B/A INSTEON | § § | |
| Defendant. | § § | |

**FIRST AMENDED COMPLAINT**

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this First Amended Complaint against Smartlabs, Inc. d/b/a Insteon ("Defendant" or "Insteon") for infringement of United States Patent No. 8,788,090 (hereinafter "the '090 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant Insteon is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 16542 Millikan Ave, Irvine, CA 92606.  On information and belief, Insteon may be served

through its agent for service of process Joe Dada at 1101 Berkshire Lane, Newport Beach, CA 92660.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '090 patent with sole rights to enforce the '090 patent and sue infringers.

11. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable personal home automation system and devices covered by one or more claims of the '090 patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses home automation and security systems, including, without limitation, the Insteon home automation system and related products. Such products and systems include, without limitation, the Insteon Hub and Insteon Hub Pro, networking equipment, apps, plug-in devices, lights, remotes, switches and keypads, sensors, outlets, thermostats, cameras, audio equipment, and lighting control systems, and similar systems and devices, which infringe at least Claim 1 of the '090 Patent. These systems and devices allow a user to remotely customize the operation of components in a house, such as lights or thermostats, for example. The user can customize the state and/or operation of these components through the use of preferences controlled via a device, such as a smart phone. On information and belief Defendant's system include a remote server including a database, which is configured to store the user's customization preferences, and from which the customization preferences are retrieved and transmitted to a communication module on the customized device.

15. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

16. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

17. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 12, 2016    Respectfully submitted,

>*/s/ Jay Johnson*
>**JAY JOHNSON**
>State Bar No. 24067322
>**D. BRADLEY KIZZIA**
>State Bar No. 11547550
>**ANTHONY RICCIARDELLI**
>State Bar No. 24070493
>**KIZZIA JOHNSON PLLC**
>750 N. St. Paul Street, Suite 1320
>Dallas, Texas 75201
>(214) 613-3350
>Fax: (214) 613-3330
>jay@kjpllc.com
>bkizzia@kjpllc.com
>anthony@brownfoxlaw.com
>
>**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 12, 2016.

>*/s/ Jay Johnson*
>Jay Johnson

# EXHIBIT A